### State ex rel. Ethel J. Gallos v. Henry L. Rowland, Secretary of the Zoning Commission of the City of Bridgeport

| Superior Court | Fairfield County | File No. 79632 |
|---|---|---|

Memorandum filed June 17, 1949.

*Milton J. Herman,* of Bridgeport, and *Theodore I. Koskoff,* of Stratford, for the Plaintiff.

*John V. Donnelly,* of Bridgeport, for the Defendant.

ALCORN, J.   The alternative writ of mandamus sets forth in substance that the respondent, after certifying that the zoning laws did not prohibit the issuance of a permit for the sale of liquor applied for by the relator at a designated location, later revoked this certification without authority, and that neither statute nor the Bridgeport zoning ordinance prohibits the issuance of such a permit.   The respondent's return sets up an affirmative defense in substance that his action was taken because the proposed use is a nonconforming pre-existing use which could not be resumed because it had been discontinued for a period specified in the zoning ordinance.

A reply to the return admits the fact that no actual sale of liquor was made on the premises within the period limited by the ordinance, but "By Way of Special Reply" affirmatively alleges in substance that the specified period ran out while the relator was trying to obtain possession of the premises from the prior permittee under summary process proceedings.   Paragraphs 17, 18 and 19 only of the "Special" reply state in substance that the alleged improper application of the zoning ordinance would deprive the relator of the property without due process of law, that it would place a retroactive restriction on a nonconforming use in existence at the effective date of the ordinance and would be an illegal application of it and that the improper application would illegally set up restrictions with which the relator could not comply and would thus illegally deprive her of her property. These paragraphs are demurred to in substance because they

constitute separate and distinct defenses; Practice Book, § 97; and they seek to use a writ of mandamus improperly to test the constitutionality of the zoning regulation.

A reasonable interpretation of the paragraphs in question is that they do purport to state separate defenses in which the relator seeks to have the court determine, in a mandamus action, the constitutionality of the ordinance in question. That is an improper use of mandamus. *State ex rel. Rowell* v. *Boyle,* 115 Conn. 406, 413-418. The demurrer to paragraphs 17, 18 and 19 of the special reply is sustained.